United States District Court
Southern District of Texas
**ENTERED**
July 07, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CITY OF HITCHCOCK, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | 3:26-cv-209 |
| | § | |
| GALVESTON COUNTY, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ORDER

Before the court is the plaintiff's original complaint for declaratory judgment and application for temporary restraining order and preliminary injunction. Dkt. 1. The court will dismiss the case for lack of jurisdiction.

Before considering the merits of a plaintiff's complaint, the court must determine whether it has jurisdiction. *See United States v. Pedroza-Rocha*, 933 F.3d 490, 493 (5th Cir. 2019) (per curiam) ("This court has a continuing obligation to assure itself of its own jurisdiction, sua sponte if necessary."). The plaintiff in this case, the City of Hitchcock, has sued under 42 U.S.C. § 1983 and its jurisdictional counterpart, 28 U.S.C. § 1343. The plaintiff also alleges federal-question jurisdiction under 28 U.S.C. § 1331. Neither attempt to invoke the court's subject-matter jurisdiction succeeds.

A plaintiff in an action under § 1983 may allege "a deprivation of any

rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. In this case, the city alleges violations of what it says are its rights under the Fourth and Fourteenth Amendments. The Supreme Court has held that "municipalities and other local government units" are persons who *may be sued* under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). But though a municipality may be a defendant in a § 1983 action, it may not be a plaintiff. A municipality "has no privileges or immunities under the Federal Constitution which it may invoke in opposition to the will of its creator." *Williams v. Mayor and City of Baltimore*, 289 U.S. 36, 40 (1933) (dismissing claims under both the U.S. Constitution and § 1983). "The Supreme Court has held that municipal corporations may not challenge their creating state under the Fourteenth Amendment because they are creatures of the state." *Kleinwood Mun. Utility Dist. v. Cypress Forest Public Utility Dist.*, No. H–08–3071, 2009 WL 890270, at *2 (S.D. Tex. Mar. 30, 2009) (quoting *Coleman v. Miller*, 307 U.S. 433, 441 (1939)).

Relatedly, one governmental subdivision may not sue another subdivision under § 1983. *See Kleinwood*, 2009 WL 890270, at *2–3 ("This principle applies whether the defendant is the state itself or another of the state's political subdivisions.") (collecting cases in the Fifth Circuit and in other circuits); *see also City of New Rochelle v. Town of Mamaroneck*, 111

F. Supp. 2d 353, 368 (S.D.N.Y. 2000) ("Congress intended Section 1983 to provide private citizens with a remedy against state action. It would run counter to that intent to allow a governmental subdivision to sue another governmental subdivision . . . under Section 1983.").

The plaintiff and the defendants are all subdivisions of the Texas state government. Dkt. 1. And "one government subdivision may not pursue constitutional claims against another, whether through pure constitutional claims or through the statutory vehicle of Section 1983." *Kleinwood*, 2009 WL 890270, at *3. As the city cannot pursue constitutional claims against either Galveston County or Jimmy Fullen in his official capacity as Galveston County Sheriff, it likewise cannot establish jurisdiction under either 28 U.S.C § 1343 or 28 U.S.C. § 1331.

Accordingly, the court sua sponte dismisses with prejudice the plaintiff's complaint, Dkt. 1, for lack of subject-matter jurisdiction.

Signed on Galveston Island this 7th day of July, 2026.

JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE